Citation Nr: 1422010 
Decision Date: 05/15/14 Archive Date: 05/29/14

DOCKET NO. 03-04 265 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

1. Entitlement to service connection for a psychiatric disability, other than post-traumatic stress disorder (PTSD). 

2. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for PTSD. 


REPRESENTATION

Appellant represented by: Robert Walsh, Attorney


WITNESSES AT HEARING ON APPEAL

Appellant, [redacted], [redacted]




ATTORNEY FOR THE BOARD

John Kitlas, Counsel


INTRODUCTION

The Veteran served on active duty from March 1968 to December 1971.

The Veteran's case is procedurally complex, but it is sufficient at this point simply to note that the matter concerning psychiatric disability other than PTSD, arises out of the holding in a 2010 Court of Appeals for Veterans Claims decision; and that the PTSD issue arises from a January 2007 rating action issued by the Milwaukee, Wisconsin, VA Regional Office. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regarding PTSD, service connection for that benefit was previously severed. Therefore, the Veteran needs to submit new and material evidence to reopen the claim. He should be provided appropriate notice of these requirements. 

More broadly, the available service treatment records appear to reference other mental health clinic treatment, the records of which are not associated with the claims file. Since in-service mental health clinic records are sometimes separately stored, an effort to obtain such mental health clinic records should be made. 

In addition, the Veteran should be asked to identify any more current post service records of psychiatric treatment he wishes VA to consider. These should be sought. 

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran with the information and evidence necessary to substantiate his application to reopen the claim for service connection for PTSD, pursuant to 38 U.S.C.A. § 5103. 

2. Ask the Veteran to identify any more current records of post service psychiatric treatment he may wish VA to consider in this matter. The identified records should be sought. 

3. Contact the appropriate entity to obtain any available in-service mental health clinic treatment records relating to the Veteran when he was assigned to the Memphis TN, Naval Air Station, in July 1968 and August 1968; and at the USNAF FPO 09520 in June and July 1970. If there are no such records, that should be documented. 

4. After undertaking any additional development as may become indicated, including obtaining an opinion as to whether any current psychiatric disability may be related to any psychiatric symptoms or findings in service, re-adjudicate the claims. If they remain adverse to the Veteran, issue a supplemental statement of the case, and return the matter to the Board for its consideration. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).